1

2

3

4

5

6             UNITED STATES DISTRICT COURT

7                   DISTRICT OF NEVADA

8                          * * *

9   MICHAEL A. VONSLOCHTEREN,          Case No. 3:12-cv-00663-MMD-VPC

10                        Plaintiff,            ORDER
        v.
11
    CECILIE BAIN LEE; WILLIAM SCOTT
12  LEE, et al.,

13                       Defendants.

14

15  **I.    SUMMARY**

16          Before the Court is Defendants Gildardo Garcia ("Garcia") and AV Carriers, Inc.'s

17  (collectively, "Defendants'") Motion for Partial Summary Judgment on the Issue of

18  Liability. (Dkt. no. 32.) For the reasons discussed below, the Motion is denied.

19  **II.   BACKGROUND**

20          This case stems from a motor vehicle accident that occurred on Interstate

21  Highway 80 during a heavy snowfall on the night of December 28, 2010. (Dkt. no. 32 at

22  3.) Plaintiff was driving a Ford F-350 pickup and towing a trailer at approximately 60

23  miles per hour. (Dkt. no. 1 ¶ 20; dkt. no. 32 at 3.) Garcia was driving a semi-tractor trailer

24  and, due to the snowstorm, he was traveling at about 45 miles per hour. (Dkt. no. 32 at

25  4; dkt. no. 1 ¶ 14.) The accident occurred as Plaintiff, who was driving behind Garcia,

26  moved his vehicle into the left lane to pass Garcia. (Dkt. no. 32 at 5.) Another vehicle

27  driven by Defendant Cecilie Bain Lee ("Lee") had hit a patch of black ice, spun out of

28  control, and ended up resting in the left lane. (*Id.* at 4.) Upon seeing Lee's vehicle,

1  Plaintiff tried to avoid it by accelerating and moving to the right lane. Plaintiff's vehicle

2  "struck the front fender" of Lee's vehicle and was "knocked sideways to the right." (*Id.* at

3  3 n.2.) Plaintiff's "trailer then scraped the semi truck from the fuel tank and bumped the

4  front end of the semi truck." (*Id.*) The accident was captured on Plaintiff's vehicle's video.

5  (Dkt. no. 33.) Both parties rely in part on the video to support their arguments.

6  Plaintiff asserts claims for negligence and negligence per se against Defendants

7  and for liability under a respondeat superior theory against AV Carriers, Inc. (Dkt. no. 1

8  ¶¶ 25-51.) Defendants seek summary judgment on the issue of Garcia's liability.

9  **III.   LEGAL STANDARD**

10  "The purpose of summary judgment is to avoid unnecessary trials when there is

11  no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*,

12  18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the

13  pleadings, the discovery and disclosure materials on file, and any affidavits "show[] that

14  there is no genuine dispute as to any material fact and the movant is entitled to judgment

15  as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 330

16  (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a

17  reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it

18  could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby,*

19  *Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material

20  facts at issue, however, summary judgment is not appropriate. *Id.* at 250-51. "The

21  amount of evidence necessary to raise a genuine issue of material fact is enough 'to

22  require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin*

23  *Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (*quoting First Nat'l Bank v. Cities*

24  *Service Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a

25  court views all facts and draws all inferences in the light most favorable to the

26  nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103

27  (9th Cir. 1986).

28  ///

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). "In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (*quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (internal quotation marks omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

## IV.   DISCUSSION

Defendants argue that the undisputed facts show that Garcia exercised reasonable care under the circumstances and was not negligent. But "[w]hether a defendant's conduct was 'reasonable' under a given set of facts is generally an issue for the jury to decide." *Lee v. GNLV Corp.*, 22 P.3d 209, 212 (Nev. 2001). Moreover, the parties dispute the facts that Defendants rely upon to demonstrate the reasonableness of Garcia's conduct.

The Complaint alleges that Garcia "had a duty to decrease speed and [to] allow Plaintiff to safely pass and avoid the collision." (Dkt. no. 1 ¶ 30.) Defendants argue that Plaintiff undisputedly tried to pass Garcia, but Plaintiff had a duty to wait until he was at a "safe distance" before returning to the right lane. (Dkt. no. 32 at 8.) According to

Defendants, Garcia was not negligent because Plaintiff was the "disfavored driver" who invaded Garcia's right of way, while Garcia had the right of way and, accordingly, was the "favored driver." (*Id.*) Plaintiff counters that Garcia's vehicle did not remain completely in the right lane — it "hugged the center line and strayed into the left hand lane." (Dkt. no. 34 at 5.) Plaintiff also disputes whether Garcia slowed down when he was trying to pass. (*Id.*) Each party relies on the video of the accident to support its version of the facts.

The Court finds that disputed issues of material facts preclude summary judgment. Defendants' arguments rely on the contention that Garcia was driving in his lane and slowed down as Plaintiff was passing him. Plaintiff, however, disputes this claim and argues that Garcia's vehicle drifted into the left-hand lane and, while he was passing, "may have strayed over into" his lane. (*Id.*) Plaintiff also disputes the claim that Garcia reduced his speed. (*Id.*) The video of the accident does not clearly support the parties' respective arguments. It is not clear from the video whether Garcia was driving in his lane because the dividing line is not visible through the snow. Nor is it clear that Garcia reduced his speed as Plaintiff tried to pass him. Because the Court is required to draw all inferences in the light most favorable to the nonmoving party, *Kaiser Cement*, 793 F.2d at 1103, the Court must conclude that the video supports Plaintiff's contentions. At a minimum, the video is neutral, which leaves the Court with conflicting versions of facts material to the issue of liability. Accordingly, summary judgment is not appropriate.

**V.   CONCLUSION**

It is therefore ordered that Defendants' Motion for Partial Summary Judgment on the Issue of Liability (dkt. no. 32) is denied.

DATED THIS 14th day of August 2014.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

4